GEORGE L. ANGELL *vs.* FRANCIS STOWELL.

JUNE 2, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a bill in equity to cancel as void for want of consideration a promissory note and mortgage for $3000 on certain real estate in the town of Johnston in this state. The cause was heard in the superior court on bill, answer, replication and proof. The trial justice found that there was a failure of consideration to the extent of $2500 and he therefore permanently enjoined the respondent from enforcing the note and mortgage for an amount in excess of $500. From a final decree to that effect the respondent has appealed to this court on the grounds that it is against the law and the evidence.

The background of this cause is furnished by the last few years of the life of Mary F. W. Worth, who was over eighty years old when she died testate on January 6, 1948. Following various proceedings begun in 1945, which need not be mentioned here, a permanent guardian of her estate was finally appointed. His final account was filed with and approved by the probate court on December 28, 1948. Throughout almost all the involved guardianship proceedings Mrs. Worth was represented by John F. Harlow, hereinafter referred to as Harlow, or his associate Alfred H. O. Boudreau.

Mrs. Worth executed a will drawn by Harlow on March 4, 1946 whereby she gave all her property, which consisted of real estate only, to the complainant and also named him executor. Upon allowance of the will by the probate court on June 25, 1948, two nephews of Mrs. Worth filed an appeal to the superior court, where the matter was still pending when the instant cause was commenced. Because of that appeal the complainant and Harlow conferred as to how some money could be obtained for the payment of certain bills which we will presently identify. Shortly thereafter Harlow informed the complainant that he had found a person who would furnish the necessary money if the latter would execute a mortgage as the *owner* of the real estate that was devised to him by the will of Mrs. Worth. Such a mortgage, with a note for six months in

the sum of $3000 and running to the respondent, was executed by the complainant on March 9, 1948, which mortgage is the subject of controversy in this cause.

On that same day Harlow and the respondent, apparently with the knowledge and consent of the complainant, entered into a written agreement which, after identifying the above-mentioned mortgage, expressly provided that the respondent was "to pay out of said mortgage as soon as the title to said premises becomes valid and marketable, the following bills of said George Angell: $200 to the party of the first part [Harlow] for money loaned to Angell; $300 to Hold-redge & Crowe for the funeral bill of Mary F.W. Worth; and $2500 to Harlow & Boudreau as fees and expenses due them *by said Mary F.W. Worth* and said Angell." (italics ours)

Without further specific reference to other details our examination of the conflicting evidence establishes the following facts. First, complainant's title to the premises covered by the mortgage has not yet become "valid and marketable" because of the appeal pending in the superior court in the matter of Mrs. Worth's will. Second, the only money paid out by the respondent under the mortgage was the sum of $500, that is, $185 to Harlow, a deduction of $15 for interest, and $300 for the funeral bill. The complainant has never received directly any money whatsoever from the respondent. Third, between the date of the mortgage, March 9, 1948, and the allowance of Mrs. Worth's will on June 25, 1948, the complainant discharged Harlow and obtained other counsel. Fourth, the present proceedings, in which Harlow now appears for the *respondent,* were commenced a relatively short time after the expiration of the six months specified in the mortgage note. And fifth, notwithstanding the mortgage and the above-mentioned agreement, Harlow shortly prior to the bringing of this suit filed in the probate court against the estate of Mrs. Worth a claim for legal services in the sum of $2500.

On all the evidence, which we have merely outlined, the

trial justice found that Harlow and not the respondent was the real party in interest; that his main purpose in the premises was to have his claim for services acknowledged or recognized as justly due him and also to obtain security for its payment; and that the mortgage to the extent of $2500 had neither been given by the complainant nor accepted by Harlow in payment of his claim in that amount against the estate of Mrs. Worth. He therefore concluded that in so far as that sum was concerned the mortgage was without consideration.

Respondent's sole contention is that the trial justice completely misconceived the evidence in arriving at his conclusion. He urges that Harlow's forbearance to sue the complainant for legal services rendered to him over an extended period of time was a sufficient consideration to sustain the mortgage in its entirety as a valid obligation. Such contention was considered and expressly rejected by the trial justice who, among other things, pointed out that the last entry in Harlow's ledger account "entitled 'Mary F.W. Worth Estate' * * * is Nov. 19, 1948, some two months after the maturity of the note" secured by the mortgage in question. The first entry in that account, which is in evidence and consists of eleven typewritten pages, is dated July 10, 1945. In this connection it is well to recall that on December 28, 1948 Harlow filed against that estate his claim for services in the sum of $2500. The language of the trial justice in his rescript plainly indicates that in his judgment Harlow had no claim for services against the complainant; that his claim always was against the estate of Mrs. Worth; and that the mortgage transaction at issue was merely an attempt by him to get additional security for the payment of that claim.

Where conflicting evidence is open to different reasonable inferences or conclusions it is settled that the findings of fact by the trial justice in an equity cause are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties. *Oldham* v. *Oldham*, 58

R. I. 268; *Caton* v. *Caton,* 74 R. I. 208. From our examination of the evidence we find no reason to disagree with the decision of the trial justice.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis A. Kelleher, Francis A. Manzi,* for complainant.

*Harlow & Boudreau,* for respondent.